```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SULZER MIXPAC AG,                         :
                                          :    15 Civ. 1668 (JSR)
     Plaintiff,                           :
                                          :    OPINION AND ORDER
     -v-                                  :
                                          :
MEDENSTAR INDUSTRIES CO. LTD.,            :
                                          :
     Defendant.                           :
------------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On March 6, 2015, plaintiff Sulzer Mixpac AG ("Sulzer Mixpac"), a Swiss corporation, filed suit in this Court against defendant Medenstar Industries Ltd. ("Medenstar"), a Chinese company. See Complaint, Dkt. 1, ¶¶ 1-2. Sulzer Mixpac alleged counts of trademark counterfeiting, trademark infringement, false designation of origin, and patent infringement under federal law, violations of the New York General Business Law, common law trademark infringement, and common law unfair competition. See Complaint ¶¶ 24-95. Since March 30, 2015, plaintiff Sulzer Mixpac has been attempting, without success, to serve defendant Medenstar through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention"). See Memorandum in Support of Motion for Service Through Alternative Means ("Pl. Br."), Dkt. 6, at 1. As detailed in two letters to the Court dated October 6, 2015 and November 19, 2015 (which will now be docketed), plaintiff has repeatedly requested the status of service from the Chinese Central Authority but was informed most recently, on

1

November 10, 2015, that the case was still "pending in the court system." On November 25, 2015, plaintiff filed a motion for service through alternative means. See Motion for Service Through Alternative Means, Dkt. 5. Specifically, plaintiff proposes service through electronic mail to export@medenstar.com, the contact email address listed on Medenstar's Internet homepage, as well as service by international mail to the address listed on Medenstar's Internet homepage. See Pl. Br. at 1-2, 4. For the reasons outlined below, the Court hereby grants plaintiff's motion to serve defendant Medenstar by email at export@medenstar.com, but denies plaintiff's proposal to serve defendant by postal mail.

Fed. R. Civ. P. 4(f) provides that individuals in foreign countries may be served (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "by a method that is reasonably calculated to give notice," including "as the foreign authority directs in response to a letter rogatory or letter of request"; and (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Fed. R. Civ. P. 4(h) confirms that service of process on foreign corporations may be made using the same methods outlined in 4(f)(1) and 4(f)(3), among other provisions. See Fed. R. Civ. P. 4(h).

Here, plaintiffs ask the Court to authorize service under Fed. R. Civ. P. 4(f)(3). See Pl. Br. at 3. "Service under subsection [4(f)](3) is neither a last resort nor extraordinary relief. It is

2

merely one means among several which enables service of process on an international defendant." Advanced Aerofoil Techs., AG v. Todaro, No. 11 Civ. 9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (internal quotation marks omitted). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (internal quotation marks omitted).

A Court-ordered means of service under Rule 4(f)(3) must "comport[] with constitutional notions of due process." S.E.C. v. Anticevic, No. 05 Civ. 6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009). Additionally, courts in the Southern District of New York "generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." Devi v. Rajapaska, No. 11 Civ. 6634, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012).

In the instant case, the Court declines to authorize service on defendant by postal mail because, so far as China is concerned, such service is, at least arguably, "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The United States Supreme Court has held that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988). Article 10 of the Hague

3

Convention states that "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention art. 10(a), November 15, 1965 (emphasis supplied). The Second Circuit has interpreted the word "send" in Article 10(a) to mean "service." Ackermann v. Levine, 788 F.2d 830, 839 (2d Cir. 1986). However, the People's Republic of China has objected to the methods of service set out in Article 10 of the Hague Convention. See Declarations Notifications, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn. Therefore, the Court declines to authorize service of process by postal mail to the Chinese address of defendant Medenstar.

However, the Court grants plaintiff's motion to serve defendant at the email address listed on Medenstar's Internet homepage, i.e., export@medenstar.com. "Service by e-mail is appropriate under Rule 4(f)(3) in some circumstances. In evaluating whether a particular method of service is sufficient, the court must determine whether the alternative method is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." NYKCool A.B. v. Pac. Int'l Servs., Inc., 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (internal quotation marks omitted). This standard reflects Constitutional due process principles. See Philip Morris USA Inc. v. Veles Ltd., 06 Civ. 2988, 2007 WL 725412 at *2 (S.D.N.Y.

4

March 12, 2007). Moreover, "[a]s a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." Id. (internal quotation marks omitted).

Certain cases have suggested that service by email is inappropriate when the defendant is located in a country that has objected to service by postal mail under Article 10 of the Hague Convention. See, e.g., Agha v. Jacobs, 07-cv-1800, 2008 U.S. Dist. LEXIS 109326 at *3-*4 (N.D. Cal. May 13, 2008) (indicating that because Germany had "filed its objection under Article 10 to service through postal channels," the plaintiff could not serve defendant in Germany by email or fax, because the plaintiff had not met "his burden of showing that the 'other means' of service he proposes to utilize are permissible under an applicable 'international agreement'—the Hague Convention."); see also Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 515 n.2 (S.D.N.Y. 2013) (noting the argument, though without deciding the issue, "that service by e-mail, fax, or publication, all of which would occur in China, would run afoul of the Hague Convention and thus be prohibited.").

But the Court finds more persuasive the reasoning of several courts that have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email. See, e.g., F.T.C. v. PCCare247 Inc., 12 Civ.

5

7189, 2013 WL 841037, at *3-*4 (S.D.N.Y. March 7, 2013) (authorizing service by email and Facebook to defendants in India, and stating that "[n]umerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); Gurung v. Malhotra, 279 F.R.D. 215, 219-20 (S.D.N.Y. 2011) (authorizing service by email to India despite India's objections to service through postal channels under Article 10 of the Hague Convention, and stating that "[w]here a signatory nation has objected to only those means of service listed in Article X [of the Hague Convention], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X."); S.E.C. v. Anticevic, No. 05 CV 6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (authorizing service by publication and noting that "[n]either Germany nor Croatia explicitly objects to service by publication in their Declarations pursuant to the [Hague] Convention."); In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434 (S.D.N.Y. 2009) (permitting service on counsel in Germany and noting that "[a]lthough Germany has objected to specific forms of service otherwise enumerated in the Hague Convention, it has not expressly barred alternative forms of effective service not referenced in the Hague Convention.").

    China's objection to service by postal mail does not cover service by email, and these forms of communication differ in relevant respects. Email communications may be more reliable than

6

long-distance postal communications, and the arrival of an email at its destination address may be more readily tracked.

While email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." NYKCool, 66 F. Supp. 3d at 391. The email address in question is listed prominently on Medenstar Industries' Internet homepage. See Pl. Br. Exhibit A. Defendant Medenstar presumably relies at least partially on contact through export@medenstar.com to conduct overseas business, and it is reasonable to expect Medenstar to learn of the suit against it through this email address. Service to this email address therefore "comports with constitutional notions of due process." S.E.C. v. Anticevic, 2009 WL 361739 at *3.

Further, plaintiff Sulzer Mixpac has shown that it "reasonably attempted to effectuate service on the defendant" and that "the circumstances are such that the court's intervention is necessary," Devi v. Rajapaska, 2012 WL 309605, at *1. Plaintiff timely attempted service through the Hague Convention; has made multiple queries to the Chinese Central Authority; and has diligently kept the Court apprised of these efforts. Nearly eight months after submitting materials to the Chinese Central Authority, however, plaintiff has no indication of when service might be effectuated.

7

Accordingly, the Court hereby grants plaintiff's motion to serve defendant by email at export@medenstar.com, but denies plaintiff's proposal to serve defendant by postal mail.

The Clerk of Court is directed to close docket entry 5.

SO ORDERED.

Dated: New York, NY
       November 27, 2015

*[signature]*
JED S. RAKOFF, U.S.D.J.